**Nathan Brown (SBN 033482)**
**Brown Patent Law**
15100 N. 78th Way Suite 203
Scottsdale, AZ 85260
602-529-3474
Nathan.Brown@BrownPatentLaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **James Tomaszewski and James Cook, JR.**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**Circle K Stores, Inc.**, a Texas corporation,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs James Tomaszewski ("Tomaszewski") and Plaintiff James Cook, Jr. ("Cook") bring this Class Action Complaint against Defendant Circle K Stores, Inc. ("Circle K" or "Defendant") to stop Circle K from violating the Telephone Consumer Protection Act by sending unsolicited, autodialed text messages to consumers who are registered on the Do Not Call registry ("DNC"), and to otherwise obtain injunctive and monetary relief for all persons injured by Circle K's conduct. Plaintiffs, for their Complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

**INTRODUCTION**

1. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

2. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3). By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

3. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

4. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

5. According to online robocall tracking service "YouMail," 3.3 billion robocalls were placed in June 2020 alone, at a rate of 111.2 million per day. www.robocallindex.com (last visited July 28, 2020).

**CIRCLE K**

6. Circle K runs a chain of gas stations and convenience stores throughout the US.

7. Part of Circle K's marketing plan includes sending text messages *en masse* to consumers regarding promotions and other incentives that are meant to bring consumers into Circle K's chain of stores.

8. Such text messages are sent using an autodialer and to consumers registered on the DNC without the necessary express written consent.

9. Plaintiffs received numerous unsolicited text messages from Circle K to their cell phone numbers registered on the DNC without ever having given Circle K consent to call or text message them.

10. In response to these text messages, Plaintiffs file this class action lawsuit seeking injunctive relief, requiring Circle K to cease sending unsolicited, autodialed text messages to consumers' cellular telephone numbers who are registered on the DNC, as well as an award of statutory damages to the members of the Class.

## PARTIES

11. Plaintiff Tomaszewski is a Michigan resident.

12. Plaintiff Cook is a Florida resident.

13. Defendant Circle K is a Texas corporation with its head office located in Tempe, Arizona. Circle K does business throughout this District and the United States.

## JURISDICTION AND VENUE

14. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

15. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant has its headquarters in this District, and because the wrongful conduct giving rise to this case was directed from this District.

## COMMON ALLEGATIONS

### Circle K Sends Unsolicited Text Messages Using an Autodialer

16. Circle K runs a rewards program called "Easy Rewards" to incentivize consumers to shop at Circle K, for which it sends unsolicited sign up text messages to consumers.

17. In sending the unsolicited text messages at issue, Defendant, or a third party acting on its behalf, used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone numbers to be called, using a random or sequential number generator, and/or to call numbers from pre-loaded lists.  This is evident from the circumstances surrounding the text messages, including the ability to trigger an automated response by replying "YES," and "STOP", the text messages' commercial and generic content, that they were sent without consent, and that they were sent from a short code, which is consistent with the use of an automatic telephone dialing system to send text messages.

### PLAINTIFF TOMASZEWSKI'S ALLEGATIONS

18. On March 10, 2006, Plaintiff Tomaszewski registered his personal cell phone number on the DNC.

19. Tomaszewski uses this phone number for his personal use.

20. On June 4, 2020, Tomaszewski received an autodialed text message on his cell phone from Defendant using shortcode 253279:

4



21. The text message that Tomaszewski received provides the phone number 855-276-1947.

22. Circle K owns the phone number 855-276-1947 and uses it in connection with its Circle K Easy Rewards program:



23. Tomaszewski received another text message from Circle K's short code 253279 on July 9, 2020.

---

[1] https://www.circlek.com/easyrewards



24. Tomaszewski received another text message from Circle K's short code 253279 on July 16, 2020.



25. Tomaszewski received another text message from Circle K's short code 253279 on July 23, 2020.



26. Tomaszewski has never consented to Circle K sending him automated text messages or otherwise making a telemarketing call to his cell phone.

**PLAINTIFF COOK'S ALLEGATIONS**

6

27. On December 16, 2006 Plaintiff Cook registered his personal cell phone number on the DNC.

28. Cook uses this phone number for his personal use.

29. On July 15, 2020 Cook received an unsolicited text message from the shortcode 253279 from Circle K.



30. Cook received *two previous text messages* from Circle K with similar content within a few weeks of this text message.

31. Cook has never consented to Circle K sending him automated text messages or otherwise making a telemarketing call to his cell phone.

32. The purpose of the text messages for both Plaintiffs was to solicit consumers to purchase products and services from Defendant Circle K.

33. Numerous other consumers have reported unsolicited text messages from Circle K like the Plaintiff received:

- "I haven't been to Circle K sense the 90s, how do they have my number?"[2]

---

[2] https://www.reportedcalls.com/8552761947

7

- "Circle-k spam as mentioned by others."[3]

- "Received text message claiming to be from Circle K telling me to respond "YES" to sign up and "STOP" to opt out. The message lists a return number of 855-276-1947. Have never given number to Circle K."[4]

- "Got text spam from 253279."[5]

- "Texted me Circle K: Reply "YES" to Sign Up to receive special offers via txt message. Msg & Data rates may apply. Txt "STOP" to Opt-Out. 855-276-1947 Did not reply. I dont even use them. tampa, fl."[6]

- "Texted me Circle K: Reply "YES" to Sign Up to receive special offers via txt message. Msg & Data rates may apply. Txt "STOP" to Opt-Out. 855-276-1947 Did not reply. I dont even use them. NC resident."[7]

34. The unauthorized text messages that were sent by Circle K, as alleged herein, harmed Plaintiffs in the form of annoyance, nuisance, and invasion of privacy, and disturbed their use and enjoyment of their cellular phones, in addition to the wear and tear on the phones' hardware (including the phones' batteries) and the consumption of memory on the phones.

35. Seeking redress for these injuries, Plaintiffs, on behalf of themselves and a Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited telemarketing calls to numbers registered with the DNC.

---

[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*

8

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiffs' TCPA Claims

36. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and all others similarly situated and seeks certification of the following Class:

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) texted more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant texted Plaintiff, and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call Plaintiffs, or (b) it did not obtain prior express written consent.

37. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

38. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

39. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiffs and the Class, and those questions predominate over any

9

questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a) whether Circle K systematically sent multiple text messages to the Plaintiffs and other consumers whose telephone numbers were registered with the DNC;

    (a) whether Circle K sent text messages to the Plaintiffs and other consumers without first obtaining prior express written consent to send them text messages;

    (b) whether Circle K's text messages to the Plaintiffs and other consumers were sent for telemarketing purposes;

    (c) whether Defendant's conduct constitutes a violation of the TCPA; and

    (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

40. **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiffs have no interests antagonistic to those of the Class, and Defendant has no defenses unique to the Plaintiffs. The Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interests adverse to the Class.

41. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiffs' challenge of those practices hinges on Defendant's conduct with respect to the Class, not on facts or law applicable only to the Plaintiffs. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden

and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of the Plaintiffs and the Do Not Registry Class)**

42. Plaintiffs repeat and reallege the prior paragraphs of this Complaint and incorporates them by reference herein.

43. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

44. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

45. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as the Plaintiffs and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

46.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiffs and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

47.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Tomaszewski and Cook, individually and on behalf of the Class, prays for the following relief:

a) An order certifying the Class as defined above, and appointing the Plaintiffs as the representative of the Class and their attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited texting activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs Tomaszewski and Cook request a jury trial.

Respectfully Submitted,

**JAMES TOMASZEWSKI** and **JAMES COOK**, individually and on behalf of those similarly situated individuals

Dated: August 6, 2020       By: /s/ *Nathan Brown*
Nathan Brown (SBN 033482)
15100 N 78th Way Suite 203
BROWN PATENT LAW
Scottsdale, AZ 85260
Phone: 602-529-3474
Email: Nathan.Brown@BrownPatentLaw.com

*Local Counsel for Plaintiff
and the putative Class*

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

*Pro Hac Vice Motion forthcoming